UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUTHER G. JAMISON,

    Petitioner,

vs.

ROBERT L. AYERS, Warden,

    Respondent.

No. C 08-5601 PJH (PR)

**ORDER OF SERVICE; RULINGS**

    This is a habeas case filed pro se by a state prisoner. It was dismissed with leave to amend in the initial review order. Petitioner has amended. He also has filed a motion to bar his transfer, and motions to allow several other inmates to join in the case.

## DISCUSSION

### A. Motion to Prevent Transfer

    Petitioner has moved for an order forbidding the department of corrections to transfer him to another prison. His concern that this court's jurisdiction might be destroyed if he is transferred is wrong, see *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("'jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.'") (quoting *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)); any transfer most likely would be within California, where this court has jurisdiction; and he does not allege that any such transfer has been proposed or scheduled. The motion will be denied.

### B. Motions for Permissive Joinder

    Petitioner has filed motions asking the court to permit joinder of other inmates who, he contends, are in a similar position to his. The motions are supported by declarations

from the other prisoners indicating their desire to join this case.

Each prisoner's case necessarily has its own facts, however similar the abstract legal issues might be. The claims of the inmates who seek to join the suit thus do not arise of the same "transaction, occurrence, or series of transactions or occurrences" as petitioner's claims. See Fed. R.Civ.P. 20(a)(1)(A). In addition, it would be needlessly difficult to manage a habeas case with multiple incarcerated petitioners. The motions will be denied.

### C. Review of Amended Petition

#### 1. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine,* 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus),* 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

#### 2.. Legal Claims

A San Joaquin County jury convicted petitioner of first degree murder in 1983. He was sentenced to prison for twenty-five years to life. The petition is directed to a denial of

2

parole on August 9, 2007.

Petitioner's first ground for relief in his original petition was a claim that his procedural due process rights were violated in the parole hearing. That claim was dismissed in the initial review order because he did "not say what procedural protections were not provided to him."

In the amended petition, he says that "[t]he Board's most memorable" violation of his right to procedural due process was at its hearing in 2004. This hearing is, of course, not the subject of this petition, and given the one-year statute of limitations, probably could not now be challenged in a federal habeas proceeding.

Petitioner also contends that the Board ignored the declaration he had counsel read into the record at the hearing and did not put forth any effort to listen. These allegations do not implicate federal due process rights.

Finally, petitioner contends that the Board failed to comply with several state statutes, and that this violated procedural due process. Federal habeas relief is available only for violations of federal law, usually the Constitution. See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). The claims petitioner raises in this ground for relief are state law claims, and cannot the basis for federal habeas relief. See *Longford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process.").

For the above reasons, ground one does not "'state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). It will be dismissed.

Petitioner's second ground for relief was that the Board's action was cruel and unusual punishment. It was dismissed in the initial review order because it was unclear why he thought he was being held beyond expiration of his sentence, which after all was twenty-five years to life. Although petitioner once again provides an extensive and unclear exposition of this theories regarding determinate ("DSL") and indeterminate ("ISL")

3

sentencing, he does not address the issue pointed out in the initial review order, namely that contrary to his argument, it appears he is a DSL prisoner, not an ISL prisoner. He also has failed to explain how it is that an inmate sentenced to a maximum term of life can be said to have passed the expiration date of his sentence when he has only served approximately twenty-seven years. In this issue he does, however, also allege that the denial of his parole was not supported by "some evidence." *See McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002). That claim, and that claim only, may proceed from ground two. All other claims contained in the grounds for relief, including the Eighth Amendment claim, will be dismissed.

In his third ground for relief in the original petition, petitioner claimed that his equal protection rights were violated by the Board's decision. In the initial review order, the court dismissed the claim because petitioner had failed to provide "factual allegations regarding other prisoners similarly situated who were paroled or released, for instance their names, sentences, and release dates." In the amended petition he provides the names and sentences served for several inmates who were released, although all were in the 1980's. Whether these inmates were similarly situated will have to be determined later in the case, but at this point the allegations are sufficient to proceed.

## CONCLUSION

1. Petitioner's motion for an injunction prohibiting transfer (document number 10) and the motions for joinder (documents 12, 13, 14, 15, and 16) are **DENIED**.

2. Issue one is **DISMISSED**. All claims in issue two except the claim that there was not "some evidence" to support the Board's decision also are **DISMISSED**.

3. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

4. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: 1/22/10

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\JAMISON5601.OSC.wpd