United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LUTHER G. JAMISON,

Petitioner,

vs.

ROBERT L. AYERS, Warden,

Respondent.
_______________________________/

No. C 08-5601 PJH (PR)

**ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL AND TO RECONSIDER, AND GRANTING RESPONDENT'S MOTION TO DISMISS**

This is a habeas case filed pro se by a state prisoner. It was dismissed with leave to amend in the initial review order. After petitioner amended, the court dismissed all claims except his contention that the denial of parole was not supported by "some evidence" and that the denial violated his equal protection rights. Petitioner has moved to reconsider the dismissal and for appointment of counsel, and respondent has moved to dismiss for failure to exhaust.

**DISCUSSION**

**I. Petitioner's Motions to Reconsider and for Counsel**

**A. Motion to Reconsider**

The local rules of this court require that a litigant obtain leave of court before filing a motion to reconsider. *See* Civil L.R. 7-9(a). Petitioner has not asked for or obtained permission; the motion to reconsider will be denied for this reason.

Alternatively, the motion will be treated as a motion for leave to file a motion to reconsider. Under Local Rule 7-9(b), a party seeking leave to file a motion to reconsider must specifically show: (1) that at the time of the motion for leave, a material difference in

fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. See Civil L.R. 7-9(b).

Petitioner's argument in the motion to reconsider is that his rights under California law have been violated, and that there thus was a violation of his constitutional rights. As the court noted in the order to show cause, petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Longford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). For this reason, allowing the motion to reconsider would be futile, as petitioner cannot state a federal habeas claim as to this ground.

### B. Motion for Counsel

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner has presented his claims adequately in the petition, and they are not particularly complex. The interests of justice do not require appointment of counsel. The motion for appointment of counsel will be denied.

## II. Respondent's Motion to Dismiss

Respondent moves to dismiss the petition on grounds petitioner has not exhausted.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28

United States District Court
For the Northern District of California

U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).[1] Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

"A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum, *see* § 2254(c); (2) through the proper vehicle, *see Castille v. Peoples*, 489 U.S. 346, 351 (1989); and (3) by providing the factual and legal basis for the claim, *see Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." *See Picard v. Connor*, 404 U.S. 270, 278 (1971)." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009).

In the order to show cause the court discussed the issues raised in petitioner's amended petition:

> Petitioner's first ground for relief in his original petition was a claim that his procedural due process rights were violated in the parole hearing. That claim was dismissed in the initial review order because he did "not say what procedural protections were not provided to him."
>
> In the amended petition, he says that "[t]he Board's most memorable" violation of his right to procedural due process was at its hearing in 2004. This hearing is, of course, not the subject of this petition, and given the one-year statute of limitations, probably could not now be challenged in a federal habeas proceeding.
>
> Petitioner also contends that the Board ignored the declaration he had counsel read into the record at the hearing and did not put forth any effort to listen. These allegations do not implicate federal due process rights.
>
> Finally, petitioner contends that the Board failed to comply with several state statutes, and that this violated procedural due process. Federal habeas relief is available only for violations of federal law, usually the Constitution. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). The claims petitioner raises in this ground for relief are state law claims, and cannot be the basis for federal habeas relief. *See Longford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner may not

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *Id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *Id.* at 1006 n.3.

"transform a state-law issue into a federal one merely by asserting a violation of due process.").

For the above reasons, ground one does not "'state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). It will be dismissed.

Petitioner's second ground for relief was that the Board's action was cruel and unusual punishment. It was dismissed in the initial review order because it was unclear why he thought he was being held beyond expiration of his sentence, which after all was twenty-five years to life. Although petitioner once again provides an extensive and unclear exposition of his theories regarding determinate ("DSL") and indeterminate ("ISL") sentencing, he does not address the issue pointed out in the initial review order, namely that contrary to his argument, it appears he is a DSL prisoner, not an ISL prisoner. He also has failed to explain how it is that an inmate sentenced to a maximum term of life can be said to have passed the expiration date of his sentence when he has only served approximately twenty-seven years. In this issue he does, however, also allege that the denial of his parole was not supported by "some evidence." *See McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002). That claim, and that claim only, may proceed from ground two. All other claims contained in [this ground] for relief, including the Eighth Amendment claim, will be dismissed.

In his third ground for relief in the original petition, petitioner claimed that his equal protection rights were violated by the Board's decision. In the initial review order, the court dismissed the claim because petitioner had failed to provide "factual allegations regarding other prisoners similarly situated who were paroled or released, for instance their names, sentences, and release dates." In the amended petition he provides the names and sentences served for several inmates who were released, although all were in the 1980's. Whether these inmates were similarly situated will have to be determined later in the case, but at this point the allegations are sufficient to proceed.

In short, the only claims remaining in the case are petitioner's contention that the parole denial was not supported by some evidence and his contention that the denial violated equal protection.

Respondent has provided a copy of petitioner's state habeas petition filed in the California Supreme Court, the highest state court available to him. Mot. Dismiss, Ex. 1. It contains neither a some evidence claim nor an equal protection claim. Respondent is correct that petitioner has failed to exhaust. In his opposition, petitioner argues only that his position as to the dismissed state law claim was correct as a matter of state law, and does not even contend that the "some evidence" or equal protection claims were raised in state court. The motion will be granted.

///

United States District Court
For the Northern District of California

**CONCLUSION**

Petitioner's motion to reconsider (document number 20 on the docket) and his motion for appointment of counsel (document number 19) are **DENIED**. Respondent's motion to dismiss (document number 21) is **GRANTED**. The petition is **DISMISSED**.[2] The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 18, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\JAMISON5601.DSM.wpd

[2] The court does not have discretion to stay a petition containing only unexhausted claims, so that option cannot be offered to petitioner here. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).