UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LUTHER G. JAMISON,

    Petitioner,

vs.

ROBERT L. AYERS, Warden,

    Respondent.

                                  /

No. C 08-5601 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND GRANTING CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court granted respondent's motion to dismiss in an order entered on August 18, 2010. Judgment was entered that day. Petitioner has filed a timely notice of appeal, a motion for a certificate of appealability, and a motion for leave to proceed in forma pauperis on appeal.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal for failure to exhaust, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

1 whether the district court was correct in its procedural ruling." *Id.* at 484.  As each of these
2 components is a "threshold inquiry," the federal court "may find that it can dispose of the
3 application in a fair and prompt manner if it proceeds first to resolve the issue whose
4 answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court
5 jurisprudence "allows and encourages" federal courts to first resolve the procedural issue,
6 as was done here.  *See id.*

In the order to show cause the court described the amended petition as presenting three claims.  Petitioner's contention that the Board committed various procedural violations in the hearing was dismissed as being only a state-law claim.  The second appeared to be his main claim, a contention that he was being held beyond expiration of his sentence, despite having served only twenty-seven years on a twenty-five to life sentence.  This contention was based on his complicated interpretation of state law, although he also contended that his continued detention violated due process.  The court dismissed that part of the claim as presenting only an issue of state law, noting that state claims cannot be transformed into federal ones simply by alluding to due process.  *See Longford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Petitioner's contention that the parole denial was not supported by some evidence, also contained in claim two, was allowed to proceed, as was his third claim, that the denial violated his equal protection rights.  These are the claims that were not exhausted.

Petitioner's California Supreme Court petition was before this court as an exhibit to the motion to dismiss.  It did not contain the claims that the court allowed to proceed, and petitioner did not even attempt to argue in his opposition that the claims were exhausted.  Reasonable jurists therefore would not find the court's conclusion as exhaustion to be debatable.  But reasonable jurists might find debatable the court's conclusion in its order to show cause that petitioner had stated only a state-law claim when he contended that he was being held beyond his release date.  The motion for a certificate of appealability (document number 30 on the docket) is **GRANTED** as to that claim.  Petitioner's motion for leave to proceed in forma pauperis on appeal (document number 29 on the docket) is

1  **GRANTED**.  The clerk shall process the appeal.

2  **IT IS SO ORDERED.**

3  Dated:  September 16, 2010.

4                                                                         PHYLLIS J. HAMILTON
                                                                          United States District Judge

27  P:\PRO-SE\PJH\HC.08\JAMISON5601.COA.wpd